ROBERT BUTLER'S ADMR. *v.* LOUISVILLE & N. R. CO.

**Wilful Negligence.**

Where an employe of a railroad company is run over by the company's cars no recovery can be had therefor except on the ground that his death resulted from the wilful negligence of those in charge of the train.

APPEAL FROM WARREN CIRCUIT COURT.

May 2, 1885.

OPINION BY JUDGE PRYOR:

In this case a nonsuit was entered.

The appellant's intestate having been an employe of the railroad company, no recovery could have been had except on the ground that his death resulted from the wilful negligence of those in charge of the train. Gross neglect is not sufficient to charge the company, nor do we perceive any evidence of gross neglect but on the contrary the negligence seems to have been with the unfortunate man who was killed.

Butler, the deceased, was the section boss or the superintendent of the hands in the company's yard at Bowling Green. It was his duty to keep the track and switches in repair and to watch the trains so as to keep them from injuring those under him. His vigilance was required not only to protect himself but to protect others. The train had come in from the south, and a part of another train on the track had to be moved to a distant part of the yard and backed on to another track.

Butler, and an employe were together near this side track or coach track. They knew that the car on the main track must or idly. A witness heard the bell ringing, perhaps the man who was north. There was no evidence showing that it was going too rapidly. A witness heard the bell ringing, perhaps the man who was with Butler last before the accident occurred. Butler knew the necessary changes to be made. Cars were shifted or switched in the same manner almost every day, and why he exposed himself to the danger is involved in mystery. The jury examined the ground at the instance of the court, but this could not have influenced their verdict. The proof of the location of the tracks and the position of the parting had been or was fully made and we see no evidence of wilful neglect from this record or any proof conducing to such a conclusion.

Judgment *affirmed.*

*Wilkins & Sims, Robert Rodes, for appellant.*

*Wm. Lindsay, for appellee.*